**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARIA LUZ ROSA MEJIA, *et al.*,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1918<br><br>Agency Nos.<br>A215-782-432; A215-782-433<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued November 6, 2024[**]
Pasadena, California

Before: CALLAHAN and FLETCHER, Circuit Judges, and MARQUEZ, District Judge.

Rosa Mejia (Petitioner), a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals' (BIA) order dismissing her appeal of an Immigration Judge's (IJ) decision denying her applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1

withholding of removal and protection under the Convention Against Torture (CAT). She claims that the BIA's decision was erroneous because she satisfied her burden to establish the Salvadoran government was unable or unwilling to protect her from her feared persecutors. Additionally, she claims the BIA erred when it did not address her proposed particular social group (PSG), found she waived her CAT claims, and denied her due process when considering the underlying facts. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.[1]

An applicant bears the burden of establishing eligibility for asylum, withholding of removal, and CAT relief. 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1229a(c)(2)(A); 8 C.F.R. § 1208.16(c)(2). Our review is expressly limited to the grounds the BIA relied upon when rendering its decision. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). Factual determinations are reviewed for substantial evidence while purely legal questions and due process challenges are reviewed *de novo*. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022); *Rizo v. Lynch*, 810 F.3d 688, 690 (9th Cir. 2016). We may not reverse factual findings unless the Petitioner shows the evidence clearly compels a different result. *Plancarte Sauceda*, 23 F.4th at 831.

**1.** To be granted asylum, Petitioner must establish her "persecution was

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

committed by the government, or by forces that the government was unable or unwilling to control." *Id.* The BIA found that Petitioner failed to establish this requirement. Petitioner's brief does not directly address, or explain what in the record clearly compels a different result on appeal. Petitioner's failure to do so precludes reversal under the substantial evidence standard, *see id*. at 831, and by extension precludes withholding of removal because it is a higher standard than asylum, *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020).

**2.** Like any other agency, the BIA is "not required to make findings on issues the decision of which is unnecessary to the results [it] reach[ed.]" *I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976). Since the Petitioner failed to establish the necessary element that her "persecution was committed by the government, or by forces that the government was unable or unwilling to control," *Plancarte Sauceda*, 23 F.4th at 832, the BIA did not need to address any other issue for asylum or withholding of removal because that failure independently disposed of her claims for relief, *Bagamasbad*, 429 U.S. at 25.

**3**. The BIA may summarily dismiss any portion of an appeal in which the appealing party "fails to specify the reasons for [appealing that portion]." 8 C.F.R. § 1003.1(d)(2)(i)(A). We will not review the BIA's waiver finding where the Petitioner has failed to specifically address the grounds for appeal in her notice of appeal or in her brief before the BIA. *Rizo*, 810 F.3d at 692-93 (citing *Rojas-*

3

*Garcia v. Ashcroft*, 339 F.3d 814, 820-21 (9th Cir. 2003)). The BIA found Petitioner waived her CAT claims because she did not meaningfully challenge the IJ's determination that Petitioner failed to demonstrate governmental involvement with her torture. Because Petitioner failed to address this before the BIA, we will not review. *Rizo*, 810 F.3d at 692-93.

**4.** Before us, Petitioner makes multiple claims that sound in due process. However, "[t]o determine whether we have jurisdiction over claims labeled as due process violations, we must look beyond the label" because "a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001). Upon inspection, Petitioner mostly disagrees with the BIA's unreviewable discretion in how it considers facts. *See id*. While she does claim the BIA applied the wrong legal standard, she neither explains why it was wrong, nor provides what she believes is the correct standard. She therefore has not met her burden to establish a due process violation. *See Rizo*, 810 F.3d at 693.

Accordingly, the petition for review is **DENIED**.